[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
The plaintiffs, Pratt Whitney Division of United Technologies Corporation (Pratt Whitney) and Hamilton Standard Division of United Technologies Corporation (Hamilton), appeal a decision of the defendant, CT Page 8757 Commissioner of Revenue Services
(Commissioner), denying their respective requests for a refund of sales and use taxes they allegedly erroneously paid for exempt purchases. The plaintiffs filed motions for partial summary judgment on the issue of their liability to pay the tax. The defendant filed a cross motion for summary judgment in each case.
During the period from April 1, 1995 through December 31, 1998, Pratt 
Whitney paid sales and use tax of $5,960,101.65 on its purchase of various materials, tools, machinery and equipment for use in its East Hartford facility in conducting research and development ("R D") with respect to aircraft parts and components. During the period from July 1, 1993 through June 30, 1997, Hamilton paid sales and use tax of $1,853,991.55 on its purchase of various materials, tools, machinery and equipment for use in its Windsor Locks facility in conducting R D with respect to aircraft parts and components.
The plaintiffs claim that the materials, tools, machinery and equipment used by them in conducting R D as aircraft manufacturers in an aircraft manufacturing facility with respect to aircraft parts and components qualify for the exemption from sales and use tax under General Statutes § 12-412 (78). The plaintiffs claim that they are entitled to a refund of all sales and use taxes paid for the periods stated above on the purchase of the R D materials, tools machinery and equipment used in their manufacturing facilities. The Commissioner interprets § 12-412
(78) to exclude materials, tools, machinery and equipment used for R D because these items of personal property are not used directly in the manufacturing process of aircraft. The basis of the Commissioner's argument is that a literal reading of § 12-412 (78) excludes purchases for R D.
General Statutes § 12-412 (78) provides:
Taxes imposed by this chapter shall not apply to the gross receipts from the sale of and the storage, use or other consumption in this state with respect to . . . (78) On or after July 1, 1993, sales of and the storage, use or other consumption by an aircraft manufacturer operating an aircraft manufacturing facility in this state of materials, tools, fuel, machinery and equipment used in such facility. For purposes of this subsection, (A) "machinery and equipment" means tangible personal property (i) which is installed in an aircraft manufacturing facility operated by an aircraft manufacturer and (ii) the CT Page 8758 predominant use of which is for the manufacturing of aircraft or aircraft parts or components or for the significant overhauling or rebuilding of aircraft or aircraft parts or components on a factory basis and (B) "aircraft manufacturing facility" means that portion of a plant, building or other real property improvement used for the manufacturing of aircraft or aircraft parts or components or for the significant overhauling or rebuilding of aircraft or aircraft parts or components on a factory basis.
"It is axiomatic that the process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." Vibert v. Board of Education,260 Conn. 167, 170 ___ A.2d ___; (2002). If the language of the statute is plain and unambiguous, the statute speaks for itself and there is no need to construe it. Grasso v. Board of Zoning Appeals, 69 Conn. App. 230,236, ___ A.2d ___; (2002).
The plaintiffs point out that in 1992, substantial sales and use tax relief for manufacturers in general and for the aircraft industry in particular was enacted by the Connecticut legislature. At the beginning of 1992, § 12-412 (18)[1], and § 12-412 (34)[2] were enacted to exempt only materials, tools and machinery used directly in manufacturing (the "direct exemptions"). Because §§ 12-412 (18) and 12-412 (34) used the term "directly" in the manufacturing process, the Commissioner considered machinery used for R D to be excluded from the exemption from sales and use taxes as property not "directly" used in the manufacturing. Department of Revenue Services IP 99 (18) Sales and Use Taxes Guide for Manufacturers, Fabricators and Processors, pp. 14-15.
Later in 1992, the legislature enacted a partial exemption for all manufacturers, known as the Manufacturing Recovery Act, codified at General Statutes § 12-412i (the "MRA"), which specifically exempted, effective January 1, 1993, "machinery or equipment . . . used for research and development . . . with respect to or in furtherance of the manufacturing, processing or fabricating of tangible personal property." The partial exemption of the MRA was phased in over several years, from a 10% exemption upon its inception on January 1, 1993 to a 50% exemption when fully phased in on July, 1996. General Statutes § 12-412i (c). There is no dispute that the plaintiffs' R D property is at least partially exempt from sales and use tax under the MRA. Approximately three CT Page 8759 weeks after the enactment of the MRA, the legislature enacted § 12-412
(78), which, as quoted above, applies specifically to aircraft manufacturing and exempts: "Sales of and the storage, use or other consumption by an aircraft manufacture operating an aircraft manufacturing facility in this state of materials, tools, fuel, machinery and equipment used in such facility."
Prior to the enactment of the aircraft manufacturing exemption in § 12-412 (78), the aircraft industry would have been entitled to a full tax exemption provided by § 12-412 (18) and § 12-412 (34) for materials, tools, machinery and equipment directly involved in the manufacturing process, and for a partial exemption for material, tools, machinery and equipment used in R D. However, since § 12-412i has a provision in subsection (a) that "[t]he exemption under this subsection shall not apply to any materials, tools, fuels, machinery or equipment which is exempt under any other provision of this chapter," exemptions under § 12-412i would not be available to the aircraft industry if the use of research and development materials, tools, fuels, machinery or equipment were exempt under any other statutory provision.
As part of our analysis, we note that in 1992, the aircraft industry has been singled out by the legislature for sales and use tax exemptions with respect to aviation fuel; General Statutes § 12-412 (75); aircraft repair or replacement parts; General Statutes § 12-412
(76); aircraft repair services; General Statutes § 12-412 (77); as well as the exemption already described in General Statutes § 12-412
(78). The language of General Statutes § 12-412 (18) and General Statutes § 12-412 (34) restricting the exemption to materials and machinery used directly in the manufacturing process does not appear in § 12-412 (78). The plain language of General Statutes § 12-412
(78) provides for an exemption if the material, tools, fuel, machinery and equipment are (1) used or consumed by an aircraft manufacturer, (2) operating an aircraft manufacturing facility in this state, and (3) the materials, tools, fuel, machinery and equipment must be used in such facility.
Whereas the legislature placed limitations on the direct exemptions with the use of the words "directly involved" and the limited the MRA exemption for R D to a percentage of the sales and use tax, in our view the intent of § 12-412 (78) was to single out the aircraft industry from the general manufacturing field and to grant a broader exemption from the sales and use tax for purchases or use of materials and equipment by an aircraft manufacturer for use in the manufacturer's plant for the manufacturing of aircraft or aircraft parts or components or for the significant overhauling or rebuilding of aircraft or aircraft parts or components on a factory basis. To read General Statutes § 12-412
CT Page 8760 (78) otherwise would render the exemption in § 12-412 (78) meaningless.
It is not necessary for us to read into § 12-412 (78), the aircraft exemption, as to whether this subsection includes or excludes R D machinery and equipment from the sales and use tax. We can only interpret this statutory provision as it is written. Leo Fedus Sons ConstructionCo. v. Zoning Board of Appeals, 225 Conn. 432, 441-42, 623 A.2d 1007
(1993). We therefore disagree with the Commissioner that § 12-412
(78) excludes machinery and equipment used for R D. Simply because the statute does not specifically state "research and development" does not mean that materials and equipment used for research and development in relation to the manufacture of aircraft parts and components are not exempt if they otherwise meet the criteria of the exemption. The only test that we derive from the language stated in § 12-412 (78) is that the legislature granted a broad exemption from the sales and use tax to the aircraft industry in Connecticut for sales of and the storage, use or other consumption of materials, tools, fuel, machinery and equipment (1) used or consumed by an aircraft manufacturer (2) operating an aircraft manufacturing facility in Connecticut, and (3) such materials, tools, fuel, machinery and equipment are used in such facility.
The lists attached to the affidavits of Richard S. Caswell, Vice President and Controller of Pratt Whitney, and Thomas I. Rogan, Vice President, Treasurer and Chief Financial Officer of Hamilton Sundstrand Corporation, the successor in interest to Hamilton, show examples of the aircraft R D materials and equipment that the plaintiffs claim are exempt from the sales and use tax. The test of whether the purchase of materials, tools, machinery and equipment are exempt from the sales and use tax is not whether these items are used for R D, but rather are they used or consumed by an aircraft manufacturer in an aircraft manufacturing facility in Connecticut. It is necessary therefore, for us to strip away the designation "research and development" as it relates to the machinery and equipment listed in the affidavits of Caswell and Rogan and determine whether these items, without a label, meet the test as set forth above.
The Commissioner does not dispute that the plaintiffs are aircraft manufacturers operating aircraft manufacturing facilities in Connecticut, or that the materials and equipment are used in the plaintiffs' aircraft manufacturing facilities in conducting R D with respect to the development, design and improvement of aircraft parts and components. The lists of materials and equipment attached to the Caswell and Rogan affidavits meet the test laid out above in § 12-412 (78) for an exemption from the sales and use tax, regardless of whether such materials and equipment are labeled for use in conducting R D. We find CT Page 8761 that the items of personal property at issue in these two cases meet the test for exemption from the sales and use tax under the aircraft manufacturing exemption during the refund periods.
Accordingly, the plaintiffs' motions for partial summary judgment are granted and the defendant's cross motions for summary judgment are denied. The court will schedule a future status conference regarding scheduling of a hearing to resolve any disputes as to the amount of the refund owed to the plaintiffs by the Commissioner.
Arnold W. Aronson Judge Trial Referee